GEORGE SMITH, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1.  Criminal Law: ADMISSION OF PRISONER. The admissions or confessions of an accused on trial for a crime, made to an individual, out of court, without proof *aliunde* that a crime has been committed, will not justify a conviction.

2.  ————: EVIDENCE. As a general rule, the guilt of the accused, or his participation in the commission of another crime wholly unconnected with that for which he is put on his trial, cannot be admitted in evidence against him.

3.  ————: ————. But this rule has its exceptions in cases where the degree of knowledge with which the act charged has been committed or the motive for its commission are material elements of the crime.

4.  ————: ————. This case falls within none of the exceptions.

ERROR to the district court for Cass county. Tried below before POUND, J.

*Beeson & Sullivan*, for plaintiff in error.

*William Leese, Attorney General*, for the State.

COBB, CH. J.

The plaintiff in error was indicted for the larceny of a gold watch and other articles of jewelry of the value of sixty-five dollars. Having plead not guilty to the charge, he was tried, found guilty, and sentenced to the penitentiary for a term of two years. He brings the cause to this court on error.

It appears from the evidence as preserved in the bill of exceptions that the watch and jewelry were lost at Atlantic, in the state of Iowa, and found in the possession of the plaintiff in error in Cass county, in this state. The testimony as to how the property came into the possession of the accused is as follows:

Smith v. State.

Maud Emery, being on the stand as a witness on the part of the state, and having testified that she was acquainted with the accused, was interrogated :

285.   Did you have any conversation with him relative to the stealing of any property, jewelry, watches?

A.   Yes, sir.

287.   You may state when it was, and where ?

A.   It was in my own house, something over a month ago.

288.   State what he said at that time?

A.   Told me he had some jewelry in his possession stolen by a man named Henry from a woman in Iowa. He said Henry hid it in the barn, and he removed it to a better place.

289.   Did he say anything further ?

A.   No, sir.

290.   Say anything about his having seen **Henry** put it there ?

A.   Yes, he said he saw Henry put it there.   He followed him in and removed it.   Put it in another place.   He said he saw Henry hide the jewelry and he removed it to a new place.

291.   What was said at that time, if anything, about his keeping the jewelry ?

A.   Well, he said they were slyer than he was if they got it again.   The man that stole it.

Alfie Hasson, also a witness on the part of the state, having testified that she was acquainted with the accused, her examination proceeded as follows:

318.   Did you have any conversation with him relative to any jewelry ?

A.   Yes, sir.

319.   You may state where it was, and when.

A.   It was at Miss Maud's.

320.   When?

A.   About a month ago.

321.   You may state what he said at that time?

A.   He said he took the jewelry from where it was hid, and showed it to me.

322.   What did he show you?

A.   A watch and chain and two rings.

323.   What kind of a watch was it, silver or gold?

A.   Gold.

324.   Lady's or gentleman's?

A.   Lady's.

325.   What kind of rings did he show you?·

A.   Both set rings.

326.   What kind of a chain with the watch?

A.   Lady's gold chain.

327.   Did you state as to what he said as to where he got them?

A.   Took them where they had been hid.   Mr. Henry had hid them.

328.   Tell you where that was that Henry hid them?

A.   Yes.

329.   Where?

A.   Jones's livery stable.

330.   Where is that?

A.·  Fourth street.

331.   In Plattsmouth, Cass county, Nebraska?

A.   Yes.

332.   *   *   *

333.   You may state whether anything was said to you about taking this jewelry and going to Omaha at that time. If so, what it was?

A.   He said go to Omaha with them, the jewelry.

334.   Just state fully what he said about that?

A.   Did not have anything particular to say, cannot remember.

There was evidence that the watch and jewelry were found on the person of the accused when he was arrested.

In the case of *Priest v. The State,* 10 Neb., 393, this

court held that "a confession is not sufficient evidence of the *corpus delicti.* There must be other evidence that a crime has actually been committed, the confession being used to connect the accused with the crime."

The law as thus stated is fully sustained by the authorities there cited, as well as by the other cases cited by counsel for the plaintiff in the brief in the case at bar, and is undoubtedly correct.

The possession by an accused person of property proved to have been recently stolen is sufficient to fasten the guilt of its larceny upon the accused *prima facie*, and call upon him to prove the innocence of his possession. But that the property was stolen is the capital fact, and must be proven; and this, as we have seen, cannot be done simply by proof of the admission of the accused or his confession made out of court, and there being no evidence in this case that the watch and jewelry had been stolen, either recently or remotely, other than the admissions of the accused made out of court, the verdict is without sufficient evidence to sustain it.

There is another point in the case which it is deemed proper to mention.

Upon the trial the state offered in evidence against the accused the record of a proceeding in the county court wherein the accused had been charged, tried, and convicted of the crime of petit larceny in the stealing of one watch, chain, and charm, of the value of twenty-five dollars, on the complaint of one George M. Goos. This record was admitted over the objection of the defendant.

At the hearing the attorney general, with commendable frankness, admitted that for this error the conviction of the prisoner would have to be reversed, and declined to make expense to the state in an effort to sustain it.

The following observations are made in view of the new trial in the case.

As a general rule, when a prisoner is on trial for a crime

his guilt or participation in the commission of another crime wholly unconnected with that for which he is put on his trial cannot be admitted in evidence against him. But this rule has a great many exceptions in cases where the degree of knowledge with which the act charged has been committed or the motive for its commission are material elements of the crime. See Roscoe's Criminal Evidence, 7 ed., p. 92, and note 1; also *People v. Gray*, supreme court of Cal., The Reporter, vol. xix, No. 9, p. 270, an exhaustive case.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.