WILLIAM COWAN, PLAINTIFF IN ERROR, v. THE STATE
OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law**: PRELIMINARY EXAMINATION. Where it appears that the charge in the preliminary examination was substantially the same as that set forth in an information filed in the district court, the plea of want of preliminary examination will be unavailing.

2. ———: ———: PLEA IN ABATEMENT. Where it is claimed there was no preliminary examination of a party accused of crime before filing an information against him in the district court, the question should be raised by a plea in abatement.

3. ———: OBTAINING MONEY BY FALSE PRETENSES. Where in an information against a party for obtaining money by false pretenses it is alleged that, "by reason of the false pretenses," the accused obtained the money, the words of the statute being, "by false pretense," *Held*, The allegation was sufficient.

| 22 | 519 |
| 23 | 751 |
| 23 | 752 |
| 22 | 519 |
| 25 | 218 |
| 22 | 519 |
| 32 | 169 |
| 32 | 783 |
| 22 | 519 |
| 29 | 445 |
| 22 | 519 |
| 33 | 752 |
| 22 | 519 |
| 34 | 237 |
| 22 | 519 |
| 36 | 163 |
| 22 | 519 |
| 38 | 865 |
| 22 | 519 |
| 42 | 511 |
| 43 | 418 |
| 22 | 519 |
| 46 | 147 |
| 22 | 519 |
| 44 | 421 |
| 22 | 519 |
| 45 | 276 |
| 22 | 519 |
| 49 | 709 |
| 53 | 269 |
| 54 | 184 |
| 22 | 519 |
| 56 | 698 |

4. ———: ———: EVIDENCE. In a prosecution against a party for obtaining money under false pretenses from a bank, the note given by him for the money and mortgage to secure the same, when introduced in evidence, are sufficient in that case to prove the *de facto* existence of the bank. *People v. Hughes*, 29 Cal., 260. *Platte Valley Bank v. Harding*, 1 Neb., 461.

5. ———: EVIDENCE. Except in cases where it is necessary to show guilty knowledge, it is not admissible to prove that at another time and place the accused committed or attempted to commit a crime similar to that with which he stands charged.

6. ———: REASONABLE DOUBT. The court in defining a reasonable doubt, said: "It is a doubt for having which the jury can give a reason, based upon the testimony." *Held*, Erroneous and calculated to mislead.

ERROR to the district court for Valley county. Tried below before TIFFANY, J.

*M. Randall* (*E. W. Metcalf* with him), for plaintiff in error, cited: *State v. Chunn*, 19 Mo., 233. *State v. Locke*, 35 Ind., 419. *Commonwealth v. Young*, 15 Gratt., 664. *Enders v. People*, 20 Mich., 233. *State v. Saunders*, 63 Mo., 482. Maxwell's Crim. Proc., 129. 3 Greenleaf Ev., Sec. 88. *Abbott v Omaha Smelting Co.*, 4 Neb., 420.

*William Leese, Attorney General*, and *E. J. Clements*, for the state, cited Maxwell's Crim. Proc., 130. 2 Chitty Crim. Law, 1002. *Credit Foncier v. Rogers*, 10 Neb., 184. *People v. Hughes*, 29 Cal., 260.

MAXWELL, CH. J.

The plaintiff was convicted of the crime of obtaining money under false pretenses, in the district court of Valley county, and sentenced to imprisonment in the penitentiary. The charge in the information on which he was convicted is as follows: "That on or about the 12th day of March, in the year of our Lord one thousand eight hundred and eighty-six, in the county of Valley and state of Nebraska,

one William Cowan unlawfully and feloniously did falsely pretend to the First National Bank of Ord, Valley county, Nebraska, a corporation organized under the laws of the United States, and doing business in Valley county, Nebraska, that he, the said William Cowan, was the owner of forty red cows, branded with a heart on the right hip; fifteen red and white cows, branded with a heart on right hip; two white cows, branded with a heart on right hip; one red bull, three years of age, branded with a heart on right hip; one black stallion colt, three years of age, and one bay mare colt, three years of age; and after having conveyed to the First National Bank of Ord, aforesaid, the above described property by chattel mortgage, obtained from the said First National Bank of Ord, by reason of the false pretense aforesaid, two hundred dollars in money of the value of thirty-five dollars and upwards, to-wit: Of the value of two hundred dollars, with the intent then and there and thereby unlawfully and feloniously to cheat and defraud said First National Bank of Ord of the two hundred dollars, so as aforesaid falsely and fraudulently obtained, whereas in truth and in fact he, the said William Cowan, was not the owner of the forty red cows aforesaid, and was not the owner of the fifteen red and white cows aforesaid, and was not the owner of the one red bull aforesaid, and was not the owner of the one bay mare aforesaid, and was not the owner of the one black stallion aforesaid. He, the said William Cowan, then and there well knowing said false pretense to be false."

A motion was filed to quash this information, which motion was overruled, which is now assigned for error.

The principal ground relied upon for quashing the information was, that it did not appear that there had been any preliminary examination of the accused for the specific offense charged in the information before instituting this prosecution in the district court. It does appear, however, that a complaint was filed against the accused charging

him with mortgaging property to which he had no claim or title, and thereby procured the money which it is alleged he fraudulently obtained. This, in our view, is sufficient, and it is apparent that the offense charged in the complaint is the same as that for which the accused now stands charged in the information. The proper mode of raising an objection of that kind is by a plea in abatement and not by motion. This objection, therefore, was properly overruled.

2. It is claimed that the information is insufficient because of the words of the charge "by reason of the false pretenses" he obtained the money, instead of the statutory words "by false pretense or pretenses," but, in our view, the words used in the information mean substantially the same as the statutory words. The objection to the information, therefore, is unavailing.

3. In the examination of the jurors on their *voir dire,* one W. D. Caste was sworn and examined, as follows:

Q. Did you say you had formed an opinion as to the guilt or innocence of the defendant as to the particular crime of which he is charged?

A. Yes, sir.

Q. From what source did you derive that opinion?

A. From what I heard from the different parties.

Q. Parties interested in the transaction?

A. I think there is one of them.

Q. Relative of the defendant?

A. No, sir.

Q. Parties who claimed to own the property?

A. No, sir.

Q. From what you heard you formed an opinion as to his guilt or innocence?

A. I did.

Q. Have you that opinion still?

A. I have it yet, yes, sir.

Q. Is that a positive opinion or conditional upon what you heard being true?

A.   Of course it is on what I heard being true.

Q.   Notwithstanding that opinion, are you able to sit here upon the jury and listen to the testimony produced and the instructions of the court and render a verdict entirely free from the opinion you now have?

A.   I think I could.

Q.   Are you prepared to say positively you can?

A.   Yes, sir, I certainly could.

The challenge for cause was thereupon overruled, to which defendant below excepted.

Section 468 of the criminal code provides, "that if a juror shall state that he has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine, on oath, such juror as to the ground of such opinion; and if it shall appear to have been founded upon reading newspaper statements, communications, comments, or reports, or upon rumor or hearsay, and *not* upon conversations with witnesses of the transactions, or reading reports of their testimony, or hearing them testify, and the juror shall say, on oath, that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and evidence, the court, if satisfied that such juror is impartial, and will render such verdict, may, in its discretion, admit such juror as competent to serve in such case."

The proper construction of this section was before the supreme court in *Curry v. State*, 4 Neb., 548 and 549, and it is said, "where the ground of challenge is the formation or expression of an opinion by the juror, before the court can exercise any discretion as to his retention upon the panel, it must be shown by an examination of the juror, on his oath, not only that his opinion was formed solely in the manner stated in this proviso, but in addition to this, the juror must swear, unequivocally, 'that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and evidence.' If he expresses the

least doubt of his ability to do so, he should not, in the face of a challenge for cause, be retained. And even where by his formal answers the juror brings himself within the letter of the statutory qualification, if the court should discover the least symptom of prejudice or unfairness, or an evident desire to sit in the case, he should, in justice both to the state and the accused, be rejected."

This juror was clearly incompetent. Evidently his opinion was formed from conversations with those who professed to know the facts, and no doubt were called, or could have been called as witnesses in the case. Where an opinion is formed by conversation with such witnesses, the party is incompetent to sit as a juror, notwithstanding he may swear that he can render a fair and impartial verdict. But few persons called as jurors will admit that they cannot render a fair and impartial verdict, notwithstanding their opinions, and, in most cases, no doubt, they intend to do so, but there is danger of their bias affecting the verdict; the court, therefore, erred in retaining this juror. But as the error is not assigned in a motion for a new trial it is unavailing.

4. Objection is made that there is no proof of the incorporation of the First National Bank of Ord, and that, therefore, there is no person to be defrauded. The state, however, introduced a promissory note for the sum of two hundred dollars, signed by the accused, and also a chattel mortgage upon the stock described in the information, also signed by him and given to such bank, these instruments being those upon which the charge in this case was founded. This, so far as the accused is concerned, is proof of the *de facto* existence of the bank. *People v. Hughes,* 29 Cal., 260. *Platte Valley Bank v. Harding,* 1 Neb., 461. The objection, therefore, is untenable.

5. On the trial of the cause, the state was permitted to introduce testimony to show that the accused had in two other cases, entirely distinct and separate from that under

consideration, obtained goods under false pretenses. This was entirely unauthorized, and could not fail to be prejudicial to the accused. Except in cases where it is necessary to show guilty knowledge, it is not admissible to prove that at another time and place the accused committed, or attempted to commit, a crime similar to that with which he stands charged, as it cannot be expected the accused will be prepared to disprove collateral attacks of this character. The law therefore excludes such evidence. *Smith v. State,* 17 Neb., 358.

6. The court, in the third instruction, said to the jury, "You are instructed that, by a reasonable doubt is meant such a doubt as naturally arises in the mind of the jury from a consideration of the evidence as to cause them to pause and hesitate, and act as in the most important affairs of theirs. It is a doubt for having which the jury can give a reason, based upon the testimony. To be convinced beyond a reasonable doubt, is to have the judgment and the reason of the jury satisfied, so they would go forward unhesitatingly and act as under like circumstances of their own."

The words, "It is a doubt for having which the jury can give a reason, based upon the testimony," were certainly calculated to mislead, and, no doubt, did mislead the jury. The definition of a reasonable doubt, given by Chief Justice Shaw in *Commonwealth v. Webster,* 5 Cush., 295, is, that the evidence must be such as to "establish the truth of the fact to a reasonable and moral certainty, a certainty that convinces and directs the understanding and satisfies the reason of those who are bound to act conscientiously upon it." This seems to be a correct definition of a reasonable doubt.

7. There is testimony in the record from which the jury would have been warranted in finding that the accused, although not the owner of the property in question, nevertheless had authority to mortgage the same. This should have been submitted to the jury.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.