PHINEAS LANGFORD ET AL. V. STATE OF NEBRASKA.

[FILED SEPTEMBER 16, 1891.]

1. **Criminal Law:** REASONABLE DOUBT. Instruction to the jury that "a reasonable doubt is an actual, substantial doubt, arising from the evidence, or want of evidence, in the case," held, not error.

2. **Evidence** examined, and held, to sustain the verdict.

ERROR to the district court for Dakota county. Tried below before NORRIS, J.

*Jay Bros.*, and *M. C. Beck*, for plaintiffs in error, cited, as to the indorsement of names on information: *Parks v. State*, 20 Neb., 517; *People v. Evans*, 40 N. W. Rep. [Mich.], 473; *People v. Quick*, 25 Id., 302; *Gandy v. State*, 27 Neb., 707. As to the separation of the jury: *People v. Evans*, 40 N. W. Rep. [Mich.], 476; *Churchill v. Judge*, 23 Id., 212; *Cantwell v. State*, 18 O. St., 482. As to the 3d instruction: *Cowan v. State*, 22 Neb., 519.

*William Leese, Attorney General, contra.*

COBB, CH. J.

The prisoners in error, Phineas Langford and George Cassman, were charged by the information of the county attorney, in the district court of said county, under sec. 13, chap. 4, of the Criminal Code of this state, entitled "Robbery," with unlawfully and forcibly, on February 18, 1890, in the town of Covington, in said county, assaulting C. P. Hendrickson, and by force and violence took and stole from his person seventeen dollars in gold and silver coin of the United States. On the day of bringing this information into court, February 24, 1890, copies were served on the prisoners. On the 26th, following, they pleaded not guilty, and on the 28th, following, were tried before a jury and, on March 1 were found guilty, and on the 7th, following, were sentenced to hard labor in the penitentiary of this state for the term of four years. The prisoners were defended by able counsel, who bring their clients' conviction to this court for review.

1. As to the correctness of the third instruction of the court to the jury in its definition of a reasonable doubt as to the guilt of the prisoners. The opinion in *Cowan's Case*, 22 Neb., 519, cited by counsel, that the third instruction is erroneous, found error in the charge that "a reasonable doubt was such for having which the jury can give a reason, based upon testimony." The charge of the court below, that "a reasonable doubt is an actual, substantial doubt, arising from the evidence, or the want of evidence in the case," we do not hold to be misleading in the strictest sense of the instruction cited in *Cowan's Case*. It is more comprehensive, and impartial, and we think without error.

A more extended argument is submitted to show the error of instruction four to the jury: "That if they find from the

testimony that the defendants Cassman and Langford, or either of them, together with the complaining witness Hendrickson, were in the town of Covington at the time stated in the information; that they were together in a saloon in said town; and that after leaving the saloon the defendants followed the complaining witness and took hold of him and threw him down and took from him money, of any value, against his consent, they are guilty of robbery."

An examination of the record does not show that exception was taken at the trial to this instruction. On that ground alone it would not be reviewed with any probability of reversal on the ground of absence of an intent to steal. But the testimony, we think, shows plainly an intent to steal, and that the jury were fully justified in finding under this charge that the robbery was only committed with that intent, which was carried out. If the evidence was sufficient in the minds of the jury to show that the prisoners were guilty, the manner in which the robbery was done is sufficient of itself to prove the intent to steal.

2. The record shows that after the jury had been impaneled and sworn, but prior to the opening of the prosecution to the jury and before the swearing of witnesses for the prosecution, the prosecuting attorney discovered that the names of three witnesses indorsed on the information had not been repeated on the copy delivered to the prisoners. On motion, the trial was adjourned for a day for the purpose of giving the prisoners the statutory twenty-four hours' notice of the witnesses to be called to accuse them. The court granted leave to indorse the names of witnesses on the information, but it is not shown what names, or whether they were, in fact, so indorsed by the county attorney. But it does appear that the names of witnesses Belcher, Williams, and Mehan, for the state, had been indorsed on the information but not repeated on the prisoners' copy. Their testimony only tended to prove that the prisoners and their accuser, who had been robbed, were in

company together during the evening, and up to the hour of the robbery. No issue or objection was raised upon this question, both prisoners testifying on a direct examination to being in company with Hendrickson at the times and places alleged, but denying the robbery. In all of this we see no prejudicial error.

3. The court permitted the jury to separate after being impaneled and sworn, under the adjournment of twenty-four hours' notice to the prisoners of the names of the prosecuting witnesses mentioned in the second assignment of errors considered.

Section 484 of the Criminal Code of this state provides that if the jury are permitted to separate during the trial they should be admonished by the court as to their duties until the cause is finally submitted to them. It is not alleged that the jury were not so admonished, or that they failed to comply with their duty, so that no error appears from the third assignment, and none appears in the record of the trial of the prisoners before us. The sentence of the district court is

AFFIRMED.

THE other judges concur.