JAMES P. PALIN v. STATE OF NEBRASKA.

FILED JANUARY 16, 1894. No. 5995.

1. **Rape**: EVIDENCE. On a trial of an information for an assault
   with intent to commit a rape, it is not necessary to prove the
   commission of the offense on the particular day named in the
   information, provided the same be within the time limited by
   statute for the prosecution of the offense.

Palin v. State.

2. ———: ———. As a general rule, it is incompetent for the state in a criminal prosecution to prove that the prisoner at some other time committed an offense similar to the one with which he stands charged. This rule has its exceptions; but whether the crime of rape, or an assault with intent to commit that offense, falls within the rule or its exceptions, is not decided.

3. Criminal Law: PROOF OF DISTINCT CRIMES: PRACTICE. Where a single crime is charged in an information, and the state on the trial, for the purpose of proving the offense alleged, introduces testimony tending to prove similar, but distinct crimes, the proper practice is for the accused to move the court to require the prosecutor to elect on which transaction he will rely for a conviction.

4. The word "abuse," in the sense it is used in section 12 of the Criminal Code, is synonymous with "ravish."

5. Criminal Law: PRESUMPTION OF INNOCENCE: REASONABLE DOUBT. In a criminal prosecution the court instructed the jury, in substance, that the law presumed the accused innocent of the crime charged, and that such presumption continued until his guilt should be established by competent evidence beyond a reasonable doubt. Held, Sufficient to apprise the jury that their verdict must be based upon the evidence in the case alone, and that it was not error to refuse an instruction that "the information in this case is of itself a mere accusation or charge against the defendant, and is not, of itself, any evidence of the defendant's guilt; and no juror in this case should permit himself to be, to any extent, influenced against the defendant because or on account of the information in this case; that your personal opinion as to facts not proven cannot properly be considered as the basis of your verdict. You may believe as men that certain facts exist, but as jurors you can only act upon evidence introduced upon the trial, and from that alone you must form your verdict, unaided, unassisted, and uninfluenced by any opinion or presumption not formed upon the testimony."

6. Argument in Absence of Court: MISCONDUCT OF ATTORNEY. On the trial of a criminal cause the county attorney made a portion of his closing address to the jury while the trial judge was absent from the court room, and in said address said prosecutor, over the objection of the accused, misquoted the testimony in a material matter, to which counsel for the prisoner at the time objected, but, owing to the said absence of the judge, no ruling was had thereon. Held, Such error as demanded a reversal.

ERROR to the district court for Lancaster county. Tried below before TIBBETS, J.

*W. B. Comstock* and *Reese & Gilkeson*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

NORVAL, C. J.

At the September term, 1892, of the district court of Lancaster county, an information was filed by the county attorney, charging the plaintiff in error, on the 11th day of July, 1892, with assaulting one Maud Shaffer, a female child of the age of six years, with the felonious intent to carnally know and abuse her with her consent. Upon the trial the jury returned a verdict of guilty against the plaintiff in error, whereupon his counsel filed a motion for a new trial, which was overruled by the court, and an exception taken. Thereupon plaintiff in error was sentenced to confinement in the penitentiary for the term of four years.

The first assignment of error is based upon the ruling of the trial court on the admission of testimony. It appears that the prosecution was permitted to prove by the witness McGrew, over the objection of the defendant, that the accused, on the Friday preceding the 11th day of July, 1892, committed an assault upon the child Maud Shaffer with the intent to ravish her. It is insisted that said testimony tended to prove a similar, but a separate and distinct offense from the one with which the accused was charged in the information, and was therefore reversible error. This court in numerous cases has held that in criminal prosecutions, except in cases where it is necessary to show guilty knowledge, it is incompetent for the state to prove that the prisoner, at another time and place, committed an offense similar to the one with which he stands charged. (*Smith v.*

*State,* 17 Neb., 358; *Cowan v. State,* 22 Neb., 519; *Berghoff v. State,* 25 Neb., 213.) Such, undoubtedly, is the general rule, but whether the principle should be applied in a prosecution for rape, or an assault with intent to commit that crime, is not so clear. In the case of *Parkinson v. People,* 25 N. E. Rep. [Ill.], 764, it was ruled that, on a trial for rape, proof of two acts of rape committed by the prisoner on the prosecuting witness on different days is inadmissible. The following authorities hold that the admission of such evidence, in prosecutions like the one at bar, is not reversible error, but is competent for the purpose of showing the intent with which the assault charged was committed: *Sharp v. State,* 15 Tex. App., 171; *Williams v. State,* 8 Humph. [Tenn.], 585; *Commonwealth v. Lahey,* 14 Gray [Mass.], 91; *Commonwealth v. Nichols,* 114 Mass., 285; *State v. Wallace,* 9 N. H., 515; *State v. Marvin,* 35 N. H., 22; *State v. Knapp,* 45 N. H., 156; *Lawson v. State,* 20 Ala., 65; *People v. Jenness,* 5 Mich., 305. As we view the record, it is not necessary for us to now decide between the conflicting authorities. The testimony of the witness McGrew was objected to on the ground "that they have charged this man with an offense committed on a certain day, and now they are attempting to prove a different crime." The acts proved by the witness tended to establish the identical crime laid in the information, although they occurred prior to July 11, 1892, which is the day the information alleges that the offense was committed. The allegation in the information as to the time the crime was committed is not material. The state was not required to prove that the transaction occurred on the day alleged, but it was sufficient, if proven to have been committed within the time limited by statute for the prosecution of the offense. (*Yeoman v. State,* 21 Neb., 171.) True, the state introduced evidence of two distinct attempts of improper familiarities on the part of the plaintiff in error with the child, one on the date named in the information, and the

other on the Friday preceding. The testimony of the acts committed on July 11th was the last introduced on the trial and was received without any objection being interposed thereto by the plaintiff in error. Had the acts occurring on July 11th been first proved, possibly the state would have been required to confine its evidence to the transaction occurring on that day; at least the defendant would then have been in a position to raise the question in this court whether or not the evidence of what took place on Friday was admissible. Where an information charges a single crime, and on the trial the state, for the purpose of proving the act charged, introduces evidence tending to establish similar, but separate and distinct offenses, the proper practice is for the defendant to move the court to require the prosecutor to elect on which transaction he will claim a verdict. (Maxwell, Crim. Proc., 517; *State v. Crimmins*, 31 Kan., 376; *State v. Chicago, M. & St. P. R. Co.*, 77 Ia., 442.) No motion to elect was made in the case at bar.

It is further contended that the court erred in giving instruction No. 5, which reads as follows: "The information charges the defendant with an assault with an intent to commit rape. You are instructed that the attempt contemplated in this charge must be manifested by acts which would end in the consummation of the particular offense but for the intervention of circumstances independent of the will of the accused; and although you find from the evidence that the defendant did, at the time charged in the information, take hold of the said Maud Shaffer, expose her private parts, and make an indecent exposure of his own person, yet if he desisted in his attempts to have sexual intercourse or abuse her, upon his own volition, without the intervention of circumstances independent of his own will, the law would presume that he did not intend to carnally know or abuse said Maud Shaffer; but, on the other hand, if you should find from the evidence, and beyond a reasonable doubt, that the defendant proceeded in efforts to car-

nally know or abuse the said Maud Shaffer, and desisted therefrom by reason of some intervening circumstance not dependent upon his own will, or by the intervention of some third party, then the law would presume that he did intend to carnally know or abuse the child in question; and this would be true even though you should believe from the evidence that sexual intercourse between the defendant and the said Maud Shaffer would be impossible, and that the only physical possibility in the attempt at sexual intercourse was to place the genital organs of the defendant in contact with the genital organs of the said child." The contention of plaintiff in error is, that the use of the word "abuse" in the instruction renders it erroneous and misleading. Section 12 of the Criminal Code provides that "If any person shall have carnal knowledge of any other woman, or female child, than his daughter or sister, as aforesaid, forcibly and against her will; or if any male person, of the age of eighteen years or upwards, shall carnally know or abuse any female child under the age of fifteen years, with her consent, every such person so offending shall be deemed guilty of a rape, and shall be imprisoned in the penitentiary not more than twenty nor less than three years." It will be noted that the section quoted above uses the words "carnally know or abuse," and the instruction follows the language of the statute in that particular. The jury could not have inferred from the language of the court that they might find the prisoner guilty of the offense charged, even though they believed he did not intend to have sexual intercourse with Maud Shaffer. Webster defines the verb "abuse" thus: "to violate; to ravish;" and the noun "abuse" the same authority defines as "Violation; rape; as abuse of a female child." The jury doubtless understood that, unless the defendant attempted to have illicit intercourse or connection with the prosecutrix, there could be no conviction of an assault with intent to commit a rape.

Error is assigned because the court refused the following instruction requested by counsel for the prisoner:

"1. The mere verbal solicitation of a female child under the age of consent to permit sexual intercourse is not an attempt to commit rape, as the evil purpose, so long as it exists in contemplation only, is not within these provisions of the law. The attempt contemplated by the statute must be manifested by acts which would end in the consummation of the particular offense but for the intervention of circumstances independent of the will of the accused; and although you find from the evidence that the defendant did, at the time charged in the information, take hold of the said Maud Shaffer, and expose her private parts, and make an indecent exposure of his own person, yet if he desisted without having sexual intercourse with the said Maud Shaffer, and such desistance was caused by the defendant's own volition, and without the intervention of circumstances independent of the will of the defendant, the law presumes that the defendant did not intend to have sexual intercourse with the said Maud Shaffer, and your verdict should be an acquittal of the crime as charged in the information, but the defendant might be guilty of an assault, or assault and battery."

The above request to charge was fully covered by the fifth instruction given by the court on its own motion; therefore, it was not error to refuse said request. (*Olive v. State*, 11 Neb., 1.)

Complaint is also made of the refusal of the court to give to the jury the defendant's instructions 2 and 3, which read:

. "2. The jury are further instructed that the information in this case is of itself a mere accusation or charge against the defendant, and is not, of itself, any evidence of the defendant's guilt; and no juror in this case should permit himself to be to any extent influenced against the defendant because or on account of the information in this case.

"3. Your personal opinions as to facts not proven cannot properly be considered as the basis of your verdict. You may believe as men that certain facts exist, but as jurors you can only act upon evidence introduced upon the trial, and from that, and that alone, you must form your verdict, unaided, unassisted, and uninfluenced by any opinion or presumption not formed upon the testimony."

It is true that a criminal information is no evidence of the guilt of the accused; but it was not necessary to so charge the jury in this case, nor was it error to refuse defendant's third request to charge, since the court in its instructions told the jury repeatedly, in substance, that the law presumes the defendant is not guilty of the crime charged in the information, and that this presumption of innocence continues until his guilt is established by competent evidence beyond a reasonable doubt. The jury knew from the charge of the court that their verdict must be based upon the evidence alone, and that if they entertained a reasonable doubt of his guilt, it was their duty to acquit. Plaintiff in error has no just cause for complaint on account of the instructions to the jury, or the court's refusal to charge as requested.

We are asked to reverse the case on the ground that the verdict is not sustained by sufficient evidence. Since there must be a new trial, for the reasons hereinafter stated, we refrain from expressing an opinion upon this branch of the case.

On the hearing of the motion for a new trial it was shown by the affidavit of W. B. Comstock, one of the prisoner's counsel, that the presiding judge, during the final argument of the cause, left the bench and retired from the court room in which the trial was being held, and allowed the argument of the cause to proceed in the absence of said judge, and that while the trial judge was thus absent, and after the argument for the defendant had closed, the county attorney, during his closing argument to the jury, stated

that he had noted carefully the evidence as it was given by the witnesses on the stand, and the evidence showed that the front door of the building in which the crime charged is alleged to have been committed was shut; that, when said statement was made, counsel for the prisoner objected thereto, and that on account of the judge being absent from the court room no ruling upon the objection could be made; that the county attorney continued his argument and insisted that the evidence did show that the said door was shut. The county attorney filed an affidavit in which he admits the facts substantially as stated above, except he denies that he insisted the door was shut, after his attention was challenged to the same by opposing counsel, but avers that as soon as objection was made to the statement he ceased addressing the jury until the judge returned to the court room, when the judge admonished the prosecutor to keep within the record, and the county attorney then said: "You jurors have heard the testimony. If I am wrong in my statement, I ask you not to consider it, but to be guided solely by the testimony. It may be that I have confused the testimony of the witnesses concerning the outer door with the inner door, or rather applied it to the inner door when it was given in reference to the outer." The undisputed evidence shows that the building in which it is alleged the offense was committed is situated on P street in the city of Lincoln; that the windows in the building were unobstructed, and that the front door facing on P street was not closed, but was standing wide open. It is claimed that the act charged in the information occurred in broad daylight in a building situated on one of the principal streets of the capital city. The accused took the witness stand in his own behalf and positively denied that he attempted any improper familiarities with the little girl. Owing to the conflicting character of the testimony, the fact of the door of the building being open at the time of the alleged occurrence was an important fact to be considered

by the jury in arriving at a conclusion.    Considerable latitude should always be allowed counsel in the discussion of facts before the jury; but an attorney, and especially a prosecutor in a criminal trial, has no right in arguing a cause to state as a fact any matter not borne out by the testimony.    The argument in this case was clearly beyond legitimate bounds and was highly prejudicial to the accused. The trial judge likewise erred in permitting the argument to be made while he was absent from the court. room. (*Thompson v. People,* 32 N. E. Rep. [Ill.], 968.)    For the errors mentioned, the judgment is reversed and the case remanded for further proceedings according to law.

REVERSED.