A. L. MORGAN V. STATE OF NEBRASKA.

FILED NOVEMBER 17, 1898.   No. 10127.

1. **Criminal Law**: EVIDENCE OF CRIME OTHER THAN THAT CHARGED. Except in cases where it is necessary to show guilty knowledge on the part of the prisoner, it is not competent for the state to prove that at another time and place he committed, or attempted to commit, a crime similar to that for which he is on trial.

2. ———: FALSE REPRESENTATIONS. On the trial of a prisoner for having obtained by false representations the indorsement of one Watson to a draft the state was permitted to show that the prisoner, a short time before, by similar false representations obtained the indorsement of one Yeast to a similar draft. *Held*, (1) That the evidence was not *res gestœ;* (2) that it did not tend to prove the intent with which the prisoner made the false representations to Watson; (3) that its admission was reversible error.

ERROR to the district court for Cherry county. Tried below before WESTOVER, J.   *Reversed.*

*J. H. Broady* and *C. E. Tefft*, for plaintiff in error.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy Attorney General*, for the state.

RAGAN, C.

A. L. Morgan was convicted in the district court of Cherry county of having on April 19, 1897, feloniously, fraudulently, and by false representations obtained the indorsement of Charles R. Watson to a certain draft for the sum of $50, contrary to section 125 of the Criminal Code. Morgan brings the judgment pronounced against him on that conviction here for review. On the trial of this case the state introduced evidence which tended to show that Morgan on April 19, 1897, represented to one

Charles R. Watson that he, Morgan, was a member of the firm of Morgan & Co., engaged in the cattle business at or near Billings, Montana; that he wished to go to Long Pine, Nebraska, for the purpose of buying cattle for himself, or the firm; that he, Morgan, had money in the Yellow Stone National Bank of Billings, Montana; and also that he had money in the possession of his firm, and that he drew a draft on his firm in Billings, payable to his own order, and by the representations alluded to induced Watson to indorse the same and procured a bank at Valentine, Nebraska, to pay it, and that all these rep-.resentations were false.

The state also, over objection of the prisoner, was permitted to prove by a man named Yeast that on April 17, 1897, Morgan was in his, Yeast's place of business at Valentine, Nebraska, and made similar representations to him as to his being a member of the firm of Morgan Bros. and engaged in the cattle business at Billings; and at said time and place induced him, Yeast, to honor a draft drawn by Morgan, payable to himself, on the Yellowstone National Bank at Billings, Montana, by giving Morgan therefor two saddles of the value of $75, and $25 in money. We presume the district court permitted the testimony of Yeast to be given upon the theory that it tended to show the intent with which Morgan made the misrepresentations to Watson. It is the rule in some jurisdictions that the making of other false representations of a similar character may be shown as tending to indicate the fraudulent intent with which the representations in question were made. (*State v. Rivers*, 58 Ia. 102; *State v. Jackson*, 112 Mo. 585; *State v. Walton*, 114 N. Car. 783; *Rafferty v. State*, 91 Tenn. 655.) Of course this testimony was not admissible as *res gestæ;* and though the misrepresentations made to Yeast were similar to those made to Watson, they were nevertheless made at different times and to different persons. Assuming that the misrepresentations made by Morgan to Yeast were made with intent to defraud him, we do not

see how these misrepresentations tended to prove the intent with which Morgan made the misrepresentations to Watson. There are cases, such as prosecutions for receiving stolen goods, knowing them to be such, in which other acts of a like character are so connected with that which is the subject of the prosecution, either by some connection of time or place or as furnishing a clue to the motive on the part of the accused, as renders these similar acts competent evidence; but these cases rest upon the principle that the guilty knowledge of the accused is an essential ingredient of the offense. But the case on trial does not fall within that class of cases. The doctrine of this court is that, except in cases where it is necessary to show guilty knowledge, it is not admissible to prove that at another time and place the accused committed, or attempted to commit, a crime similar to that for which he is on trial. (*Smith v. State*, 17 Neb. 358; *Cowan v. State*, 22 Neb. 519; *Berghoff v. State*, 25 Neb. 213; *Palin v. State*, 38 Neb. 862; *Davis v. State*, 54 Neb. 177.) The court erred in admitting the evidence of Yeast. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.