### IRA L. PHILLIPS v. STATE OF NEBRASKA.

FILED DECEMBER 23, 1915.   No. 19048.

Criminal Law: APPEAL: PREJUDICIAL ERROR.  In a prosecution for arson, the erroneous admission of prejudicial proof tending to show that accused, at another time and place, committed a crime similar to that with which he is charged is ground for reversing his conviction.

ERROR to the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE.  *Reversed.*

*B. F. Gilman, Allen G. Fisher* and *William P. Rooney,* for plaintiff in error.

*Willis E. Reed, Attorney General* and *Charles S. Roe,* contra.

ROSE, J.

In an information filed in the district court for Dawes county, Ora E. Phillips and Ira L. Phillips were charged with arson.  They were accused of setting fire to a storehouse owned by George H. Young in the town of Marsland with intent to burn and destroy it.  On a separate trial Ira L. Phillips, defendant, was found guilty and sentenced to serve a term of not less than one nor more than seven years in the penitentiary.  As plaintiff in error he presents for review the record of his conviction.

The information is challenged for duplicity and for failure to charge that defendant was a tenant of the owner of the storehouse.  According to a former ruling the information properly charged a single offense.  *State v. Martin,* 87 Neb. 529.

A reversal of the conviction is sought on the ground that the trial court erred to the prejudice of defendant in admitting in evidence testimony implying that he had previously been implicated in another felony of the same nature as the one charged in the information.  The fire which defendant was convicted of starting was observed

about 8 :15 in the evening, September 24, 1914, and the
state adduced proof tending to show: It started in the
basement of a building in which defendant and his brother,
Ora E. Phillips, conducted a general store. The store-
house was owned by George H. Young, from whom it had
been leased for mercantile purposes. Defendant's brother
was the holder of the lease. The stock of goods was in-
sured in the name of the brother for $750, a fair valua-
tion. He had made application for additional insurance,
but had not procured it. The fire was promptly discov-
ered, was confined to the basement, and was soon ex-
tinguished; little damage being done. In addition to evi-
dence of the facts narrated, there was proof of circum-
stances tending, by inference, to implicate defendant in
the starting of the fire, though there was no direct evi-
dence of his guilt.

The testimony challenged as erroneous and prejudicial
relates to a previous fire which destroyed a storehouse
containing a stock of merchandise in the same town. As
part of its case in chief, the state, over the objections of
defendant, was permitted to adduce proof tending to show
that the previous fire occurred July 8, 1914; that the
Farmers Co-operative Company had conducted a general
store in the consumed building; that Ora E. Phillips was
secretary and manager of the Farmers Co-operative Com-
pany; that defendant was a clerk in the store; that the
merchandise was insured; that the stock was a total loss,
with the exception of some unconsumed goods invoiced
at $1,055; that defendant's brother was indebted to the
Farmers Co-operative Company, and that the indebtedness
of the latter was far beyond what he represented it to be
in his report to the directors; that the Farmers Co-opera-
tive Company was known by him to have been insolvent at
the time its property was destroyed by the fire, but its in-
solvency was then unknown to its stockholders and
directors.

A large part of the state's evidence related to the fire
of July 8, 1914, to defendant's connection with the stock

of merchandise then destroyed, and to the motives for its destruction. The plain inference from the testimony of this character, much of which is immaterial, is that defendant and his brother started the fire in the co-operative store. This was not competent evidence tending to show that defendant set fire to Young's storehouse. The jury were not directed to confine their consideration of such proof to the question of motive or intent or to defendant's interest in the store conducted in the building fired September 24, 1914. On the contrary, the charge as a whole amounted to a direction to consider the inadmissible testimony as circumstantial evidence of defendant's guilt; there being no direct evidence thereof. It follows that the rulings challenged were both erroneous and prejudicial. They cannot be justified under any exception to the rule excluding proof that accused, at another time and place, committed a crime similar to that with which he is charged. *Cowan v. State*, 22 Neb. 519; *Berghoff v. State*, 25 Neb. 213; *Morgan v. State*, 56 Neb. 696.

The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

MORRISSEY, C. J., and LETTON, J., not sitting.