Abbott v. State.

CHARLES E. ABBOTT V. STATE OF NEBRASKA.

FILED MAY 23, 1925. No. 24489.

1. Criminal Law: PLEA IN BAR. A plea in bar to the effect that a prosecution for a felony was based on the identical facts charged in a former prosecution for a misdemeanor of which defendant was convicted may be overruled, where the accusations do not disclose identity of offenses and there is sufficient evidence of separate criminal acts charged.

2. Indictment: SUFFICIENCY: SODOMY. A complaint charging sodomy in the language of the statute and showing that defendant was a male person capable of committing that felony is not fatally defective, for the purposes of a preliminary examination and a plea in abatement, merely because it fails to charge in direct terms that he was a male person over 21 years of age.

3. Criminal Law: SPECIAL COUNSEL. It is within the discretion of the trial court to permit the employment of special counsel to assist in a criminal prosecution, and as a general rule it is only

Abbott v. State.

for misconduct on his part that a conviction will be reversed on account of his employment and services.

4. ———: SODOMY: EVIDENCE. In a prosecution for sodomy, former instances tending to show that accused had indulged sexual depravity essential to an act like that charged may, in the discretion of the trial court, under exceptional circumstances, be admitted in evidence in connection with direct proof of his guilt.

5. Witnesses: COMPETENCY. Where a preliminary examination by the trial court shows that a female child is a competent witness, she should not be prevented from testifying merely because she is only six years of age.

6. Criminal Law: EVIDENCE: OPINION OF PSYCHOLOGIST. In a criminal prosecution, it is within the discretion of the trial court to exclude the opinion of a psychologist as to the effect of parental suggestion on the imagination of a child who testified as a witness at the age of six years.

7. Information: FELONY: DATE. Where an information charges the commission of a felony on a specific date, it may be shown by the evidence that the felonious act was committed on an earlier date within the statute of limitations.

8. Sodomy: CORROBORATIVE EVIDENCE. In a prosecution for sodomy, testimony by a female child as to the principal fact may be corroborated by circumstantial evidence of other witnesses.

9. Criminal Law: INSTRUCTIONS: NONPREJUDICIAL ERRORS. In giving and in refusing instructions, errors which do not prejudice defendant in a criminal prosecution are not sufficient grounds for the reversal of a conviction.

ERROR to the district court for Kearney county: WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*King & Bracken, Charles A. Chappell,* and *Stewart, Perry & Van Pelt,* for plaintiff in error.

*O. S. Spillman, Attorney General, Lloyd Dort* and *J. L. McPheely,* contra.

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

PER CURIAM.

This was a prosecution for sodomy as defined by a recent

statute.    Comp. St. 1922, sec. 9777. In the information,
carnal copulation *per os* was charged, the alleged victim
being a female child not quite five years of age.    The venue
was Kearney county and the date of the alleged felony was
May 19, 1923.    Defendant was a physician practicing his
profession and conducting a hospital in Minden.    He pleaded
not guilty, but was convicted and sentenced to serve a term
of ten years in the penitentiary.    As plaintiff in error he
seeks a reversal of his conviction.

Among the questions presented for review and argued by
defendant are the following:

Did the trial court err in overruling a plea in bar?    In
the county court of Kearney county May 26, 1923, defendant
was accused of an assault May 19, 1923, upon a female child,
and for that misdemeanor was sentenced to pay a fine of
$100. While the prosecution for the assault was pending in
the district court upon appeal, the information for sodomy
alleged to have been committed May 19, 1923, was filed in the
county court September 4, 1924.    To answer the latter
charge defendant was bound over to the district court,
where he interposed the plea that the information for
sodomy was based on the identical facts charged in the
complaint for assault.    He contends that the assault charged
was included in the information for sodomy, that the two
offenses could not have been committed by a single criminal
act, and that therefore the second prosecution was barred
by the first.    The facts constituting the plea in bar were put
in issue by a reply in which the state took the position that
the misdemeanor charged was not based on the facts evi-
dencing the felony of which defendant was accused.    By
consent, the issues raised by the plea in bar and the reply
thereto were tried to the district court without a jury.    The
decision was in favor of the state.    The accusations them-
selves do not disclose that the unlawful acts charged in the
two prosecutions were identical.    An examination of the
evidence from every standpoint shows that there is a logical
view in which the ruling against defendant on his plea in
bar is correct.    While it is charged in each of the two ac-

cusations that the criminal act was committed May 19, 1923, a prior date for each separate offense within the statute of limitations was provable. There is testimony to the effect that the assault occurred May 8, 1923, and the graver offense at an earlier date. The ruling below is free from error, and it follows that a subsequent motion to require an election between charges was properly overruled.

Did the trial court err in overruling a plea in abatement? The affirmative of this question seems to be based on the following propositions: The original complaint in the county court for sodomy did not contain a valid charge thereof. It failed to state that defendant was a male person over the age of 21 years. While the information in the district court for sodomy was sufficient as such, defendant was deprived of his right to a preliminary hearing under a real accusation. The position thus taken by defendant does not seem to be tenable. The new law says nothing about the age or the sex of the offender. The complaint, however, accused defendant by the name of "Charles" E. Abbott, showing that he is a male person. The revolting act constituting the statutory offense is charged in direct terms as having been committed by him "unlawfully, wickedly, and feloniously," indicating criminal capacity to do so. In any event, the charge was made substantially in the language of the statute. The plea in abatement was properly overruled. For the same reasons a refusal to quash the information was free from error.

Did the trial court err in permitting special counsel to assist the county attorney? For that purpose a capable lawyer was selected and he participated to some extent in the prosecution. It is insisted that this step was unnecessary for the reason the county attorney was able and experienced and that the selection made was objectionable because the special counsel employed was attorney for the father of the child named in the information. It is further contended that special counsel attempted to procure a conviction by means of incompetent testimony prejudicial to defendant. If the trial judge anticipated the vigor of the

Abbott v. State.

defense, the subtle questions of law involved, the objections to evidence and the difficulty of proving sodomy without any eye-witnesses except accused, an experienced physician, and his alleged victim a defenseless little girl, the propriety of selecting special counsel to share the duties and responsibilities of the county attorney, however well equipped, was obvious. Society for its own protection calls for the services of able attorneys for the state in criminal prosecutions and the law permits the employment of assistants. An examination of the entire record fails to show error in permitting the employment of special counsel or misconduct on the latter's part. A substantial reason for setting aside the conviction on this ground has not been given.

Did the trial court err in permitting proof of similar acts of defendant at other times with different victims? A young man was permitted to testify that, when a child, several years earlier, he had been induced by defendant to submit to pederasty, giving details. A little girl stated on the witness-stand that recently, while riding with defendant, he made indecent inquiries. There were objections to testimony of this kind on the ground that it was incompetent. The objections were argued on review at considerable length and there were references to many cases applying the rule that in a prosecution for a crime evidence of a similar crime at another time is inadmissible. There is no doubt about the existence of the general rule, but the admissibility of such testimony under an exception is the test in the present instance. The felony charged is one of peculiar and shocking enormity, the victim a female child of tender years. The criminal impulse which makes such an act possible is unnatural and unusual. The felony itself suggests a carnal pervert. Under exceptional circumstances former instances tending to show that accused had indulged sexual depravity essential to an act like that charged may, in the discretion of the trial court, be admitted in evidence in connection with direct proof of his guilt. This principle is founded in reason and is supported by precedent, though there are opinions to the contrary. See note in 46 L. R. A.

n. s. 266 (*State v. Start,* 65 Or. 178), and 62 L. R. A. 193 (*People v. Molineux,* 168 N. Y. 264). In admitting this testimony the trial judge does not seem to have abused his discretion. He made it clear to the jury that defendant was not being tried for these collateral incidents and that they were not admitted as proof of the principal fact./

Was the child named in the information a competent witness? She was nearly six years of age in May, 1923, and almost seven when she testified. She was subjected to a preliminary examination by the trial court, and her answers showed a mental development, an intelligence and an understanding of her obligation to tell the truth under oath sufficient to qualify her as a witness. In addition, her testimony on the witness-stand justified the ruling of the trial judge in permitting her to testify. The law does not arbitrarily close the door of disclosure on a little girl who is the victim of, and the only available witness to, carnal violence. In a recent opinion it was said:

"In this state no age is fixed by the statute below which a child is presumed to be incompetent to testify, and there is no rule of law outside of the statute that a child six years of age is incompetent." *Evers v. State,* 84 Neb. 708.

Did the trial court err in preventing a psychologist from expressing an opinion as to the effect of parental suggestion' on the imagination of the child 'while between the ages of five and seven years? The obvious purpose of evidence of that kind was to discredit the child as a witness. The trial judge ruled that competency of the witness was a preliminary question for his own determination in the exercise of judicial discretion and that the weight, if any, to be given to her testimony was a question for the jury. In conducting the trial the presiding judge thought the rejected testimony would carry a collateral inquiry beyond proper bounds, and in his ruling there does not appear to be any error prejudicial to the rights of defendant.

Is the evidence insufficient to sustain the conviction? It is argued that there is no competent evidence of criminal conduct on the part of defendant except uncorroborated.

and contradicted testimony relating to the alleged assault May 8, 1923, an offense charged in a former prosecution and not cognizable in the present case. With what was said to have occurred on that date excluded, defendant insists that evidence of sodomy at any time and place in Kearney county was wholly wanting. Evidence of the time and place of the alleged assault May 8, 1923, was definite because the parents then suspected for the first time that their child had been abused. The child testified that while alone with defendant he previously on several different occasions committed the felonious act charged. He admitted on the witness-stand that he had been alone with the child in his automobile while making professional calls. Some of the patients upon whom he called in making these trips were shown to have resided in Kearney county. It did not appear that he went out of the county in any instance. He had called for the child at her home and with the consent of her parents took her with him on short professional calls. Several months, perhaps a year or more prior to May 8, 1923, she had been for a time a patient under his care in his hospital. Mistreatment then or earlier was not intimated. From the direct testimony and the circumstantial evidence the principal fact, the venue of the crime and a date within the statute of limitations were fairly inferable.

Was the conviction erroneous for want of evidence corroborating testimony of the child as to the principal fact? The offense of which defendant was convicted had been recently defined by statute. Comp. St. 1922, sec. 9777. In this state there is no legislative enactment requiring the corroboration which defendant deems essential to a conviction. The rule of evidence invoked by him does not come from the common law. The child was too young and innocent to be a criminal participant in the loathsome act charged. For the same reason she was incapable of being a black-mailer, or a conspirator or an adventuress. In law she was incapable of consenting. In her case reasons for corroboration were generally wanting. In a prosecution

for sodomy a conviction has been sustained on the uncorroborated testimony of a child. See cases collected in a note on page 1224, L. R. A. 1915E (*State v. Stalker*, 169 Ia. 396). The state, however, was not driven to the point of relying solely on uncorroborated evidence. There is testimony tending to show in substance the following facts: On May 11, 1923, the child's father, who had himself been treated professionally by defendant, called at the latter's office and asked for his bill. Defendant presented a bill for which he at the time received a check. Upon intimation that the child divulged what had occurred, defendant became confused, asked if the matter could be settled, and offered to return the check, but was told in substance that wrongs of that kind could not be compensated in money. The check, given and accepted in payment of a legitimate debt, was never cashed. The intimation as to what the child told was not by its terms limited to the assault. Within a few days defendant left Minden and did not return for more than a year. While absent he had been in Canada for a time and had traveled from one place to another in the United States. On the witness-stand he explained his absence by testimony that his health failed and that he needed rest and recreation. From all the circumstances, however, the jury were free to infer that his long absence was prompted by a desire to escape prosecution and punishment. Evidence of these circumstances did not come from the child. The principal fact is corroborated by circumstantial evidence.

Error crept into some of the instructions, but, in view of conclusions reached on the principal questions presented, prejudice to defendant does not appear in any ruling of the trial court. AFFIRMED.

The following opinion on motion for rehearing was filed December 8, 1925. *Former judgment of affirmance vacated, and judgment of district court reversed.*

1. **Criminal Law:** EVIDENCE OF DISTINCT CRIMES: ELECTION. In a criminal action, where the information charges but a single

offense, and the state on the trial introduces evidence tending to prove several distinct criminal transactions, to any one of which the offense charged in the information might relate, and the defendant moves to require the state to elect on which transaction it will rely for a conviction, it is error to deny such motion.

2. ———: EVIDENCE OF DISTINCT CRIMES: ADMISSIBILITY. It is a general rule that, on the trial of one accused of crime, proof of distinct and independent offenses, even of a similar nature, is inadmissible. To this rule there are exceptions; but, in order to make evidence of other independent offenses admissible, it must appear that the evidence offered falls within one of the recognized exceptions.

3. ———: SODOMY: EVIDENCE OF FORMER CRIME: ADMISSIBILITY. On the trial of one charged with the offense of sodomy, it is error to permit a witness to testify that on an occasion, more than a year previous to the time charged, the defendant had asked her an improper or indecent question, where it appears that such question had no relation to the offense charged.

4. Sodomy: VENUE: WANT OF EVIDENCE. Evidence examined, and *held* not to affirmatively show that the offense charged was committed in the county where the action was instituted.

5. Criminal Law: EVIDENCE OF DISTINCT CRIMES: INSTRUCTIONS. Upon the trial of one charged with a single criminal offense, where evidence has been introduced as to several criminal transactions, to any one of which the information might relate, it is error to so instruct the jury that they may found their verdict on any one of the criminal acts disclosed by the evidence.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

Defendant was convicted in the district court for Kearney county of the crime of sodomy upon Anna June Lynn, a little girl not quite five years of age. Defendant prosecuted error to this court, and the judgment of the district court was affirmed in *Abbott v. State, ante*, p. 517. The case is now before us on motion for rehearing. For a statement of the facts and issues, see *Abbott v. State, supra*.

The information charged but a single act, and that it was committed on the 19th day of May, 1923. The evi-

dence of the little girl was to the effect that the defendant committed the act on five different occasions, all of which were prior to the 19th of May, 1923. When this evidence was introduced, the defendant moved to require the state to elect upon which one of the several acts testified to the state would rely for a conviction. The motion was overruled. This point seems not to have been decided in the former opinion. No specific date was fixed by the little girl as to when any of the alleged acts occurred. It was impossible for the defendant to know which one of the acts he was required to meet, and it is uncertain upon which one of the acts testified to the verdict was founded. In fact, it is possible that some of the jurors may have believed it was the first; some, the last; and some, intermediate acts. Were another prosecution had for any of the acts, the defendant would not be enabled to plead the present prosecution in bar.

The general rule applicable to the situation is stated in *Palin v. State,* 38 Neb. 862, wherein it is held: "Where a single crime is charged in an information, and the state on the trial, for the purpose of proving the offense alleged, introduces testimony tending to prove similar, but distinct crimes, the proper practice is for the accused to move the court to require the prosecutor to elect on which transaction he will rely for a conviction." We think that, under the rule, it was error to refuse to require the state to elect.

On the trial the state was permitted to introduce evidence, over objection, tending to show that 12 or 14 years prior to the act complained of defendant committed a similar offense on another person. In the former opinion, it is held:

"In a prosecution for sodomy, former instances tending to show that accused had indulged sexual depravity essential to an act like that charged may, in the discretion of the trial court, under exceptional circumstances, be admitted in evidence in connection with direct proof of his guilt."

We think that the rule stated is correct, but a careful reexamination of the record does not disclose any exceptional circumstances which would permit the evidence to be re-

ceived. It is a general rule that, on the trial of a person accused of crime, proof of a distinct and independent offense, even of a similar nature, is inadmissible. *Nickolizack v. State,* 75 Neb. 27; *People v. Molineux,* 168 N. Y. 264, 62 L. R. A. 193, and note thereto. Other cases following this rule are *Smith v. State,* 17 Neb. 358; *Cowan v. State,* 22 Neb. 519; *Berghoff v. State,* 25 Neb. 213; *Davis v. State,* 54 Neb. 177; *Morgan v. State,* 56 Neb. 696; *Phillips v. State,* 99 Neb. 187; *Clark v. State,* 102 Neb. 728.

To this general rule there are many exceptions. It would unduly prolong this opinion to undertake to enumerate or review all of the exceptions to the general rule. The authorities, as to the rule and the exceptions thereto, are collated and reviewed in an elaborate note to *People v. Molineux, supra,* 62 L. R. A. 193. Suffice it to say that we find in the record none of the exceptional circumstances which would justify the admission of this evidence.

The state offered the evidence of another witness that on one occasion, more than a year prior to the act complained of, the defendant had asked an improper and, perhaps, indecent question of the witness. This act was in no way related to or connected with the offense charged. It did not tend in any manner to prove the offense charged, or in any way to corroborate the evidence of the little girl, Anna June Lynn. The admission of this evidence was incompetent and clearly prejudicial.

We have reexamined the evidence with reference to the venue of the offense, and fail to discover any affirmative showing that any of the several criminal acts testified to by Anna June occurred in Kearney county. The evidence tends to show they were committed while Anna June was riding with defendant in his car, and that on some occasions they drove beyond the boundaries of Kearney county.

The twelfth instruction informed the jury that the offense of sodomy included an assault, and that, if they were not convinced that the crime of sodomy was committed, but were convinced that the defendant committed an assault upon the said Anna June Lynn, then they should find the

defendant guilty of an assault. The court inadvertently omitted to inform the jury that they must be convinced *from the evidence, beyond a reasonable doubt.* The instruction, while erroneous, was not prejudicial, since defendant was found guilty of the graver instead of the minor offense.

The eleventh instruction inferentially told the jury that the disarrangement of the little girl's clothing and her personal appearance on the return from an automobile ride, if caused or produced by defendant's conduct, might be considered as the corroboration of her testimony which the law requires in such a case. The only occasion shown by the evidence where the clothing of Anna June was disarranged, or where her personal appearance was unusual, was on their return from an automobile ride on May 8, 1923. The state conceded that the act charged did not occur on that date. The evidence referred to in the instruction could not be corroborative of the testimony of Anna June as to any of the acts relied on by the state for a conviction. The instruction was not applicable to the facts shown.

Upon another trial, if evidence is offered as to more than one criminal act, the state should be required to elect on which act it will rely for conviction, and the instructions of the court should limit the jury, in their consideration of the case, to the act upon which the state relies for conviction. The instructions, as given, would permit the jury to consider and base a conviction on any of the acts, testified to, within the period of three years prior to the filing of the complaint.

The judgment of affirmance in our former opinion is set aside, and our former opinion, in so far as it conflicts with the views herein expressed, is withdrawn.

The judgment of the district court is reversed, and the cause remanded.

REVERSED.